**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

*Norfolk Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CRIMINAL NO. 2:21-cr-45** |
| | ) | |
| **JESSICA ANN BRONSON,** | ) | |
| | ) | |
| **Defendant.** | ) | |

**POSITION OF THE UNITED STATES WITH
RESPECT TO SENTENCING FACTORS**

In accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the government hereby represents that it has reviewed the Probation Officer's Presentence Investigation Report ("PSR") prepared in this matter, and that it does not dispute any of the factors or facts set out therein. The United States moves for the defendant to receive the additional one-level reduction under Section 3E1.1(b) of the Sentencing Guidelines and Policy Statements. For the reasons outlined below, the Government respectfully submits that a within-guidelines sentence of 140 to 175 months' imprisonment is appropriate and would be sufficient, but not greater than necessary, to accomplish the goals of 18 U.S.C. § 3553(a).

**Background**

On April 22, 2021, the grand jury returned an indictment charging the defendant with conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine and 50 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), (b)(1)(A) and (b)(1)(B) (Count One); and, using a communication facility to cause, commit, and facilitate a felony violation of the Controlled Substances Act, in violation of 21 U.S.C. § 843(b) (Counts Three to

Twenty-Two).  ECF No. 3.  On December 8, 2021, the defendant entered a guilty plea to Count

One of the indictment pursuant to the terms of a written plea agreement.  ECF No. 121.

Under Count One of the indictment, the defendant faces a mandatory minimum term of

imprisonment of ten (10) years, a maximum term of life imprisonment, a fine of $10,000,000,

forfeiture of assets, a special assessment pursuant to 18 U.S.C. § 3013, and at least five (5) years

of supervised release.  PSR at 1.  The Honorable Douglas E. Miller, United States Magistrate

Judge, accepted the defendant's plea of guilty and scheduled sentencing for April 1, 2022.  ECF

Nos. 123, 124.

### Sentencing Argument

Following *United States v. Booker*, 543 U.S. 220, 235 (2005) and *United States v. Hughes*,

396 F.3d 374, 379-81 (4th Cir. 2005) "district courts must (1) properly calculate the sentence range

recommended by the Sentencing Guidelines; (2) determine whether a sentence within that range

and within statutory limits serves the factors set forth in § 3553(a) and, if not, select a sentence

that does serve those factors; (3) implement mandatory statutory limitations; and (4) articulate the

reasons for selecting the particular sentence, especially explaining why a sentence outside of the

Sentencing Guidelines range better serves the relevant sentencing purposes set forth in § 3553(a)."

*United States v. Green*, 436 F.3d 449, 455-56 (4th Cir.) (footnote omitted) (*citing United States v.*

*Hughes*, 401 F.3d 540, 546), *cert. denied*, 547 U.S. 1156 (2006); *accord United States v. Raby*,

575 F.3d 376, 380-82 (4th Cir. 2009); *United States v. Evans*, 526 F.3d 155, 162-64 (4th Cir.),

*cert. denied*, 555 U.S. 977 (2008); *United States v. Hernandez Villanueva*, 473 F.3d 118, 122-24

(4th Cir. 2007); *United States v. Eura*, 440 F.3d 625, 632 (4th Cir. 2006); and *United States v.*

*Moreland*, 437 F.3d 424, 432-33 (4th Cir.), *cert. denied*, 547 U.S. 1142 (2006).

The factors which may now be considered in fashioning a "reasonable" sentence, almost

on an equal footing with the "advisory" Guidelines, are:

(1)      the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)      the need for the sentence imposed—

(A) to reflect the seriousness of the offense to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)      the kinds of sentences available ...

[paragraphs (4) and (5) refer to the Sentencing Guidelines]

(6)      the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7)      the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).  *Accord Moreland*, 437 F.3d at 433-34; and *Green*, 436 F.3d at 455.

I.        *The Nature and Circumstances of the Offense*

In May 2020, the defendant traveled to Phoenix, Arizona with Jennifer Garmon and Jeremy Johnson[1] for the purpose of obtaining methamphetamine for distribution in Virginia.  Following a dispute, Johnson and Garmon left the defendant behind.  The defendant cultivated a source for methamphetamine and fentanyl.  She decided to remain in Arizona and ship drugs to Virginia through the U.S. Mail.  The defendant eventually involved her son, Tory Drain, in the enterprise after he traveled there to bring her home.  From May 2020 to June 2021, the defendant and Drain procured methamphetamine and fentanyl in Arizona and shipped the drugs to co-conspirators in EDVA for further distribution.  PSR at 5-14.  The PSR shows that law enforcement only managed

---

[1] *See U.S. v. Jeremy Wayne Johnson et al.*, 2:20cr103 (EDVA-Norfolk).

to seize about ten of the drug parcels sent by the defendant and her son. *See* ¶¶ 21, 26. The PSR documents at least another 17 parcels[2] sent by the defendant to Susanne Stout and containing drugs *that were not seized* by law enforcement. *See* ¶¶ 27-34, 37, 41, 46. Stout confessed that the defendant sent her drug parcels containing as much as four ounces of methamphetamine and 100 fentanyl pills. PSR at 6. Apart from Stout, the defendant had other co-conspirators in EDVA to whom she was mailing drugs. Only two of the seven parcels the defendant mailed from Arizona on November 24, 2020 were intended for Stout. *Id.* The PSR attributes the defendant with *only the drugs that were actually seized* by law enforcement during the investigation. *Id.* at 12-13. The drug weights totals in the PSR underrepresent the harm done by the defendant's conduct. The government offers these points in opposition to the defendant's motion for a downward departure based on the ice/methamphetamine disparity in the drug guidelines. *See* ECF No. 149 at 3-4. The Court should deny this motion for the aforementioned reasons.

The PSR attributes the defendant with 6,090.88 kilograms of converted drug weight based on 145.0638 grams of methamphetamine, 288.65 grams of "ice," and 11.11 grams of fentanyl. *Id.* at 12-13. Her base offense level is 32. *See* U.S.S.G. § 2D1.1(c)(4). *Id.* The defendant has accepted responsibility. *Id.* The defendant's total criminal history score is 13 and her criminal history category is VI. *Id.* at 26, 32.

II.     *History and Characteristics of the Defendant*

The defendant is 46 years old. *Id.* at 1. The defendant's parents were married at the time of her birth. *Id.* at 28-31. The defendant's father was serving in the U.S. Air Force. *Id.* Neither

---

[2] From his examination of USPS records, the Postal Inspector in this investigation attributes the defendant with a total of approximately 72 parcels, all sent from the Phoenix area to EDVA between May 2020 and June 2021. Only approximately ten (about 14%) of these parcels were seized by law enforcement. Presumably, the remaining parcels made it their intended destination where a co-conspirator distributed their drug contents.

of the defendant's parents have any history of criminal activity or substance abuse. *Id.* Her mother left the marital home when the defendant was in the seventh grade. *Id.*

The defendant got married and became a mother at 19. *Id.* The defendant and her first husband had two children, including co-defendant Tory Drain. *Id.* The defendant's first husband was abusive, and they eventually divorced. *Id.* The defendant lost custody of her first two children. *Id.* The defendant had three more children with another man during their seven-year relationship. *Id.* During this period, the defendant used drugs heavily and was physically and emotionally abused by her partner. *Id.* The defendant escaped this relationship and placed her three children with members of her family. *Id.*

The defendant had her sixth child in 2002. *Id.* The defendant went to prison in 2004 and again in 2006. *Id.* Upon her release, the defendant was able to regain custody of her sixth child. *Id.* In 2009, the defendant remarried and had another child, her seventh. *Id.* The defendant's second husband was a heavy drinker and they soon separated. *Id.* The defendant got married for a third time in 2012. *Id.* She was residing in Arizona with her third husband when she committed the instant offenses. *Id.* The defendant has little to no contact with four of her children. *Id.* All but one of her children are now adults. *Id.*

The defendant states she was diagnosed with cancer while she was living with her aunt (c. 2006). *Id.* She reports no mental or emotional health problems. *Id.* The defendant is a long-time abuser of methamphetamine. *Id.* The defendant was using the drug daily at the time of her arrest. *Id.* She has never participated in substance abuse treatment. *Id.* The defendant never attended high school. *Id.* The defendant obtained her GED in 2005 while in prison. *Id.* The defendant earned an Associate Degree in occupational studies for medical assistance personnel. *Id.* There is some discrepancy about the date. *Id.* The defendant reports earning her degree in 2002. *Id.* The college reports that the defendant attended from 2007 to 2009. *Id.* Nevertheless, the

defendant's grades were excellent.  *Id.*  The defendant reports no employment for the past 10 years. *Id.*

The defendant's criminal history is extensive.  *Id.* at 15-26.  At age 18, she was arrested and subsequently convicted of felony possession of methamphetamine.  *Id.*  Between ages 19 and 28, the defendant was charged and convicted of approximately fifteen criminal offenses, including approximately eight additional felonies.  *Id.*  The defendant accrues no criminal history points for any of these convictions because of their antiquity.  *Id.*  Since she turned 30, the defendant has been convicted of the following felonies: possession of controlled substances, habitual offender, habitual offender subsequent offense (two separate convictions), and driving while a habitual offender (two separate convictions).  *Id.*  The defendant has been returned to court on numerous occasions for violating her probation and she is currently wanted for violating her probation in two separate cases.  *Id.*  The defendant has approximately fifteen prior felony convictions, six of which are for offenses other than habitual offender.  *Id.*

The defendant has moved the Court for a downward departure based on overstatement of the defendant's criminal history.  ECF No. 149 at 4-6.  The fact that a defendant's criminal history category overstates the seriousness of his actual criminal history is a well-recognized basis for downward departure. *United States v. Hall*, 977 F.2d 861, 866 (4th Cir. 1992).  U.S.S.G. § 4A1.3(b) states, in part:

> If reliable information indicates that the defendant's criminal history category substantially over-represents the seriousness of the defendant's criminal history or the likelihood that the defendant will commit other crimes, a downward departure may be warranted.

U.S.S.G. § 4A1.3(b).  A downward departure may be warranted "if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." § *Id.* n.3.

6

The defendant's category VI criminal history does not substantially overrepresent the seriousness of her criminal history or the likelihood that she will commit other crimes. The example cited in the guidelines (U.S.S.G. § 4A1.3 n.3) emphasizes an absence of evidence of criminal behavior during the period intervening the prior convictions and the instant offense. Such is not the case with this defendant. Throughout her life, the defendant has remained continuously in trouble with the law. The defendant's criminal history is not overstated, and her objection should be overruled.

III.    *Seriousness of the Offense, Promoting Respect for the Law, and Providing Just Punishment*

For nearly one year, the defendant procured methamphetamine and fentanyl in Arizona for shipment to drug customers in Virginia. The conspiracy originated with the defendant, who relocated to Arizona and subsequently invited her customers in Virginia to send her money for drugs. *See* PSR at 6. The defendant is more culpable than her co-defendants. Compounding the magnitude of her crimes, the defendant committed these offenses while she was a fugitive from justice. The offense of conviction is extremely serious and deserving of just punishment. A within-guidelines sentence will promote respect for the law.

IV.    *Affording Adequate Deterrence and Protecting the Public from Further Crimes*

The defendant's trafficking of methamphetamine and fentanyl into the Eastern District of Virginia created a substantial risk to public safety. A within-guidelines sentence in this case will fulfill the important purposes of protecting the public and deterring future misconduct. The Government submits that public safety and specific deterrence require a within-guidelines sentence here.

V.    *Providing the Defendant with Needed Educational or Vocational Training, Medical Care, or Other Correctional Treatment*

The defendant needs substance abuse treatment as well as vocational and educational

training.  The government prays the Court addresses these matters in its sentencing judgment.

      VI.     *The Need to Avoid Unwarranted Sentence Disparities*

      The government recommends a within-guidelines sentence of 140 to 175 months.  The Court previously sentenced two co-defendants in this case.  Kristin Lane Foster's criminal history category was a III and her sentencing guidelines range was 87 to 108 months.  The Court sentenced Foster to the 120-month mandatory minimum.  Shelby Lynnette Proctor's criminal history category was a IV, but she qualified for a sentence notwithstanding the 120-month mandatory minimum under the First Step Act's expanded Safety Valve.  Proctor's guidelines were 84 to 105 months.  The Court sentenced Proctor to 53 months' imprisonment.  A within-guidelines sentence for this defendant would not create an unwarranted sentencing disparity relative to Foster and Proctor.  This defendant's drug weights, and corresponding base offense level are higher.  This defendant's criminal history is more serious, and, as previously stated, she is more culpable than Proctor or Foster.

## **Conclusion**

As set forth in the PSR, the guidelines recommend a sentence of 140 to 175 months' imprisonment. A within-guidelines sentence would appropriately reflect "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. §3553(a)(1). The government submits that a within-guidelines sentence is necessary to protect the public, afford adequate deterrence and to promote respect for the law. 18 U.S.C. §3553(a)(2)(A), (B), (C). For the reasons stated, the United States therefore asks this Court to impose a within-guidelines sentence of 140 to 175 months' imprisonment.

Respectfully Submitted,

JESSICA D. ABER
UNITED STATES ATTORNEY

By:   /s/_____
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

9

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 18th day of March 2022, I electronically filed the

foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of

such filing (NEF) to the following:

Brian Nelson Casey, Esq.
Taylor Walker P.C.
1206 Laskin Road, Suite 100
Virginia Beach, Virginia 23451
Phone: (757) 625-7300
Fax: (757) 625-1504
bcasey@taylorwalkerlaw.com

Jason David Lamm
Law Office of Jason Lamm
2501 North Seventh Street
Phoenix, Arizona 85006
Phone: (602) 222-9237
Fax: (602) 222-2299
jlamm@cyberlawaz.com

I certify that on this 18th day of March 2022, I caused a true and correct copy of the

foregoing Position of the Government with Respect to Sentencing Factors to be sent to the

following:

Christopher Zychowski
United States Probation Officer
701 East Broad Street, Suite 1150
Richmond, VA 23219
Email: christopher_zychowski@vaep.uscourts.gov

/s/
Darryl J. Mitchell
Assistant United States Attorney
Virginia Bar No. 37411
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number - 757-441-6331
Facsimile Number - 757-441-6689
E-Mail Address - darryl.mitchell@usdoj.gov

10